946 F.2d 1563
 292 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
ANR PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION.
 No. 90-1472.
 United States Court of Appeals, District of Columbia Circuit.
 April 26, 1991.
 
 Petition for Review of an Order of the Federal Energy Regulatory Commission.
 Before WALD, RUTH B. GINSBURG, and THOMAS Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was reviewed on the record from the Federal Energy Regulation Commission and on the briefs and arguments of counsel. Upon full consideration of the issues presented, the court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). For reasons stated by the Commission in its April 4 and August 3, 1990 orders, and in the accompanying memorandum, and taking account of our decision released today in ANR Pipeline Co. v. FERC, No. 89-1753 (D.C.Cir. Apr. 26, 1991), it is
 
 
 2
 ORDERED and ADJUDGED, that the petition for review be denied, and the Commission orders be upheld.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 This is a case in which the Commission acted summarily to prevent the double collection of certain costs by ANR Pipeline Company. The material facts are beyond genuine dispute. Those facts warrant the summary ruling FERC made. We therefore uphold the Commission's orders and deny the petition for review.
 
 I.
 
 5
 On May 1, 1989, ANR filed revised tariff sheets with the Commission, pursuant to Section 4 of the Natural Gas Act, 15 U.S.C. § 717c, to implement a general rate increase. On May 31, 1989, the Commission generally accepted ANR's proposed rates, subject to hearing and refund, but it ordered ANR to submit several revised tariff sheets, and it suspended the effective date of the new rates until November 1, 1989. After further filings by ANR in October and November 1989, protests were received, including one from Michigan Consolidated Gas Company (MichCon), an ANR customer. MichCon objected to an item the Commission had theretofore overlooked.
 
 
 6
 In the initial order before us for review, issued April 4, 1990, 51 F.E.R.C. p 61,002 (CCH) (1990), the Commission concisely described the MichCon protest:
 
 
 7
 When ANR originally filed its case it anticipated that it would convert some of its rights to purchase gas from pipeline suppliers to transportation capacity rights by the end of the 9-month adjustment period in this proceeding. However, it has not done so, and it continues to collect the purchased gas costs associated with its merchant supplier contracts through its PGA filings while proposing to collect the Account No. 858 costs associated with expected conversions that did not materialize during the adjustment period in this proceeding. Thus, a double collection of costs will occur, as alleged by MichCon, if the Account No. 858 costs related to conversion are permitted to be a part of ANR's effective rates. Although ANR alleges that the requested relief has the effect of denying recovery of proper Account No. 858 costs, it is undisputed that the predicted conversions have not occurred.
 
 
 8
 51 F.E.R.C. at 61,003. To block the double collection, the Commission ordered ANR to eliminate from Account No. 858, effective November 1, 1989, the amount attributable to the unrealized conversions to transportation capacity rights (about $8.2 million).
 
 
 9
 ANR moved for rehearing. It contended that the Commission could not dispose of the issue summarily once the rates had become effective and the case had gone to hearing. ANR undertook ultimately to refund any over collections, and it maintained that the Commission's deletion order would impede the pipeline from synchronizing recovery of its costs during the still-anticipated conversion from sales contracts to transportation contracts.
 
 
 10
 In the second of the two orders here on review, issued August 3, 1990, 52 F.E.R.C. p 61,168 (1990), the Commission denied rehearing. As to ANR's concern about synchronizing its cost recovery, the Commission wrote:
 
 
 11
 ANR may not continue to collect Account No. 858 costs based on conversions to transportation that did not occur during the nine-month adjustment period. The Commission ruling on an issue, once it is revealed that the material facts are not genuinely contestable, simply because a hearing has been set or is underway. Cf. 18 C.F.R. § 385.504(b) (authorizing presiding officer to dispose of a proceeding or part of a proceeding summarily, as provided in § 385.217).
 
 
 12
 In accord with the Commission, we see no debatable or uncertain issue of material fact requiring an evidentiary hearing. ANR had included in its cost-of-service items, about $8.2 million of transportation costs that it expected to pay within the nine-month test period. The anticipated contract conversion had not taken place, and ANR's transportation costs were therefore reflected in its PGA statement. To include them in both the PGA statements and in Account No. 858 surely meant that ANR would collect twice for the same cost.
 
 
 13
 ANR charges the Commission with failure to credit ANR's promise, backed by affidavit, to reimburse any overcollection.[1] The Commission properly demurs. A sworn undertaking eventually to reimburse customers hardly negates the fact that, in the interim, ANR would be collecting twice for the same costs.[2]
 
 
 14
 ANR argues that the conversion costs in its Account No. 858 need not actually occur within the nine month adjustment period because the Commission's regulations allow it to include "an appropriate normalizing adjustment." 18 C.F.R. § 154.63(e)(2)(i). Although neither party makes the effort to define a "normalizing adjustment," including the same cost under two different provisions does not seem "normal," nor much like an "adjustment." Furthermore, as the Commission points out, this court had upheld the Commission's practice of adjusting projected costs from a test period to reflect a company's actual experience if the projections "are substantially in error" and would yield "unreasonable results." See, e.g., Boroughs of Ellwood City v. FERC, 731 F.2d 959, 966 (D.C.Cir.1984).
 
 
 15
 Finally, in inspecting for fairness and rationality the Commission's deletion of the provision causing double collection of a cost item,[3] we take account of the two options presented by FERC for ANR to recover its transportation costs once conversion has occurred: an abbreviated Section 4 filing, or waiver of FERC's PGA regulations, thereby permitting the recovery, as a gas cost, of the transportation reservation charge resulting from ANR's conversions from sales to transportation.[4]
 
 
 
 [1]
 See Initial Brief of Petitioner at 29 (referring to testimony of ANR's representative that "[i]n the event ANR's expected conversions become effective after the date rates become effective in this docket, ANR will refund any gas supplier cost overcollections for these contracts")
 
 
 [2]
 ANR also objects that the Commission did not ask the ALJ to certify the pertinent parts of the administrative record for its consideration. See Initial Brief of Petitioner at 22-23. There can be no error in this, however, for the Commission had the only relevant fact before it: ANR had not yet converted its contracts with its suppliers and therefore did not have an increase in its transportation costs. See also infra note 3
 
 
 [3]
 We do not consider petitioner's belated argument based on Tennessee Gas Pipeline Co. v. FERC, 860 F.2d 446 (D.C.Cir.1988), because petitioner first advanced that authority in its Reply Brief. The Commission therefore had no fair notice and opportunity to address the bearing of that case on the instant issue. See McBride v. Merrell Dow Pharmaceuticals, Inc., 800 F.2d 1208, 1211 (D.C.Cir.1986). In addition, the statute under which we have jurisdiction to review FERC orders instructs us that we may not consider any objection to an order of the Commission that was not set forth in the motion for rehearing "unless there is reasonable ground for failure so to do." 15 U.S.C. § 717r(b)
 
 
 [4]
 At oral argument, counsel for the Commission called our attention to ANR's February 26, 1991 revised request for an interim waiver allowing the pipeline to recover, as purchased gas costs, the transportation reservation charges that ANR is currently incurring relative to conversion from sales to transportation service on Northern National Gas Company, one of ANR's interstate pipeline suppliers. We anticipate that the Commission will give that request appropriate attention